# United States District Court
# District of Massachusetts

MAURICE FELDER,
    Petitioner,

v.                                          CIVIL ACTION NO. 2010-10233-JLT

THOMAS DICKHAUT,
    Respondent.

## *REPORT AND RECOMMENDATION ON PETITION FOR WRIT OF HABEAS CORPUS (#1)*

COLLINGS, U.S.M.J.

On September 9, 2010, petitioner filed a motion for a new trial in state court. (#20-1) That motion is still pending. In the motion, he argues that the trial judge gave incorrect instructions on several matters, including the definition of reasonable doubt and the explanation of the felony-murder doctrine, the joint venture doctrine and the elements of the offense of armed robbery. *Id.* He further bases his motion on the alleged ineffectiveness of his trial counsel in not objecting to these errors. *Id.*

The petitioner argues some of these purported errors in support of the petition in the instant case. (#19 at 11-28) The problem is that his petition (#1) contains none of these purported errors as grounds for seeking the issuance of the writ by this Court, and as his motion for a new trial has not been decided, the claims are unexhausted.

However, based on prior pleadings in the case, it seems clear that the petitioner wants to assert these grounds as a basis for seeking habeas relief. But, as he acknowledges, he cannot do so at this time because the grounds have not been exhausted, i.e., have not been adjudicated by the state court. While the petition itself is not technically a "mixed" one because these claims are not contained within the four corners of the petition, clearly some of the arguments petitioner makes in support of his petition were first asserted in the motion for a new trial and thus have not been exhausted.

In these circumstances, the Court shall recommend a practical solution which will in no way prejudice the petitioner. In the petitioner's case, the one-year statute of limitations for filing a petition under 28 U.S.C. § 2254 commenced to run on February 18, 2010 which is 90 days after the Supreme Judicial Court affirmed petitioner's conviction on November 20, 2009. That statute was tolled on September 9, 2010 when the motion for new trial was

filed. Thus, 203 days elapsed from February 18, 2010 to September 9, 2010 toward the one-year (365-day) period. The statute will remain tolled until such time as the state courts act with finality[1] on the motion for a new trial. When any order on the motion for a new trial becomes final, the petitioner will have *162* days (a period in excess of 5 months) to file a petition for habeas corpus in the federal court asserting as grounds not only those which are set forth in the instant petition but also those grounds which are raised in the motion to a new trial.

Since the petitioner at this time is attempting to raise claims which were not adjudicated by the state court, I RECOMMEND that the Petition, Etc. (#1) be DISMISSED without prejudice to filing a new petition within 162 days of the date on which the state courts have acted with finality on his motion for a new trial.

The parties are hereby advised that pursuant to Rule 72, Fed. R. Civ. P., any party who objects to this recommendation must file a specific written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must

---

[1] This would include any actions by the Appeals Court and the Supreme Judicial Court on any timely appeal which the petitioner takes from an adverse decision on the motion for a new trial.

specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review.  *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1 Cir., 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Robert B. Collings
ROBERT B. COLLINGS
United States Magistrate Judge

June 9, 2011.